

# THE ATTORNEY GENERAL
## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

February 18, 1971

Mildred Blair, R.T.N.
Secretary-Treasurer
Board of Tuberculosis Nurse
  Examiners for the State of
  Texas
Cisco, Texas  76437

Opinion No. M- 793

Re:  Status of persons who
    qualify as tuberculosis
    nurses under Article 4528b,
    Vernon's Civil Statutes, to
    apply such training toward
    registration as a licensed
    vocational nurse.

Dear Mrs. Blair:

In your letter requesting an opinion from this office, you ask whether a person who is a graduate tuberculosis nurse and registered as a tuberculosis nurse by the Board of Tuberculosis Nurse Examiners under the provisions of Section 4, Article 4528b, Vernon's Civil Statutes, is entitled by the provisions of either Section 5(a) or Section 5(b), Article 4528c, Vernon's Civil Statutes, to receive credit for such training toward registration as a vocational nurse.

We have been informed that at present there are no *sanitarium (sanatorium) schools of nursing accredited by either the Board of Vocational Nurse Examiners or the Board of Nurse Examiners.

In Attorney General's Opinion M-738 (1970) this office was asked whether schools of vocational nursing accredited by the Board of Vocational Nurse Examiners would be authorized to offer advanced standing examinations to persons who had completed nursing courses in programs not accredited by the Board and to apply any such advanced standing credits to the satisfaction of curriculum requirements to the extent of graduation without the completion of a twelve-month program at such schools. In answering this question, Attorney General's Opinion M-738 (1970) held, in part, as follows:

"Among the requirements for admission to the license examination is the following, from Section 5(a), Article 4528c, Vernon's Civil Statutes.

*used interchangeably with sanatorium throughout this opinion.

-3854-

"'. . . and has completed an accredited course of not less than twelve (12) months in an accredited school for training Vocational Nurses. An accredited school as used herein shall mean one accredited by the Board.'

"The Board of Vocational Nurse Examiners has the duty of prescribing, surveying and accrediting courses of study for individual schools of vocational nursing. Such curricula must, according to statute, be based upon a twelve-month period. We cannot say that in all cases a twelve-month curriculum must result in a student spending precisely twelve months at his or her studies. We view it as being perfectly possible for an industrious and capable student to double up on courses or laboratory work, and thus complete an entire twelve-month curriculum in less than twelve months time, if the curriculum offered by the school and approved by the Board is structured so as to permit such acceleration. If a school desires to offer advanced standing examinations to persons with some prior training, and the Board determines that the basis upon which such examinations are offered properly merges with the requirement for a twelve-month curriculum, it is our view that there would be no violation of either the letter or the spirit of the statute. The key fact is that the individual must clearly demonstrate his educational level in a manner sufficient to qualify him for a certificate of graduation from the school of vocational nursing. Normal procedure will find the great majority of students following the customary steps in the curriculum, but we find nothing improper in permitting particularly qualified individuals to shorten the time period necessary for graduation.

"We do not believe that the Board could properly authorize the granting of credit for course work completed at a non-accredited school of nursing, no matter what the reason for such non-accreditation may be. It is our opinion that any educational experience so acquired may be utilized only through advanced standing examinations, if such examinations are acceptable to the Board in the exercise of its sound discretion in approving individual school curricula." (Emphasis added.)

On the basis of this language, it is our opinion that under the provisions of Section 5(a), Article 4528c, Vernon's Civil Statutes, the Board of Vocational Nurse Examiners may, in its discretion, authorize the granting of credit for nursing course work completed by persons at a sanitarium school of nurses only through advanced standing examinations given at accredited schools of vocational nursing.

Under the provisions of Section 5(b), Article 4528c, Vernon's Civil Statutes, the Board of Vocational Nurse Examiners may, in its discretion, waive the nursing course requirement expressed in Section 5(a) upon applicant's presentation of satisfactory evidence that the applicant . . . "has completed at least two years of training in a nursing school accredited by the State Board of Nurse Examiners of Texas or in some other school of professional nurse training accredited by a similar board or licensing agency of another State of the United States." Since no sanitarium school of nursing is presently accredited by the Board of Nurse Examiners, it is our opinion that the Board of Vocational Nurse Examiners is not authorized by the provisions of Section 5(b), Article 4528c, Vernon's Civil Statutes, to waive the nursing course requirement contained in Section 5(a) for those applicants who receive their nursing training at a sanitorium school of nursing and are registered as tuberculosis nurses by the State Board of Tuberculosis Nurse Examiners.

## S U M M A R Y

Under the provisions of Section 5(a), Article 4528c, Vernon's Civil Statutes, the Board of Vocational Nurse Examiners may, in its discretion, authorize the granting of credit for nursing course work completed by persons at a sanitarium school of nursing only through advanced standing examinations given at accredited schools of vocational nursing.

The Board of Vocational Nurse Examiners is not authorized by the provisions of Section 5(b), Article 4528c, Vernon's Civil Statutes, to waive the nursing course requirement contained in Section 5(a) for those applicants who receive their nursing training at a sanitarium school of nursing or other authorized school of professional nurses training and are registered as tuberculosis nurses by the State Board of Tuberculosis Nurse Examiners.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ivan R. Williams, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Dunk Sullivan
Ed Esquivel
Fisher Tyler
Bill Corbusier

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant